IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GERALD D. FIELDS,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:24-cv-3857 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **HON. KELLY J. COTTRILL,** *et al.,* | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R") that *pro se* Plaintiff Gerald D. Fields' Complaint be dismissed for failure to state a claim and lack of subject matter jurisdiction (ECF No. 3), and Plaintiff's Objections thereto (ECF No. 5). For the reasons stated below, Plaintiff's Objections (ECF No. 5) are **OVERRULED**, and the Magistrate Judge's R&R (ECF No. 3) is **ADOPTED** in its entirety. Plaintiff's Complaint is hereby **DISMISSED**.

### I. BACKGROUND

Plaintiff Gerald D. Fields, an Ohio inmate, brings this action *pro se* under 42 U.S.C. § 1983 against Hon. Kelly J. Cottrill, a Muskingum County Common Pleas Judge; Mark A Zanghi, Assistant County Prosecutor; the Zanesville Police Department; and County Sheriff Matt Lutz. Plaintiff alleges that that his constitutional rights were violated during his state court forfeiture proceedings. Specifically, Plaintiff was tried in state court on several drug-related criminal offenses, as part of which Defendant Assistant County Prosecutor Mark Zanghi sought forfeiture of $7,700 seized during Plaintiff's arrest at his residence. (ECF No. 1-1). Although the jury found that the funds were not subject to forfeiture, Plaintiff could not establish that he was the sole owner of the funds and therefore Judge Cottrill denied Plaintiff's request to return the funds to him. (Id.

at 6–7). Plaintiff alleges that various subsequent proceedings in the state trial and appellate courts ultimately resulted in a ruling by Judge Cotrill releasing the funds as "abandoned" to Defendants Zanghi, Sheriff Lutz, and the Zanesville Police Department. (*Id*. at 7). According to Plaintiff, the Ohio Supreme Court has abolished the procedure by which the law enforcement Defendants obtained the seized funds, and he has "no remedial mechanism" because his direct appeal was dismissed. (*Id*.).

Upon conducting an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, Magistrate Judge Vascura recommended dismissal of Plaintiff's Complaint for failure to state a claim and for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(1), 1915A(b)(1)–(2). (*See* ECF No. 3). Plaintiff timely objected. (ECF No. 5). This matter is now ripe for resolution.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review applies to "any portion to which a proper objection was made." *Id.* (internal quotation marks and citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For "unobjected portions" of the report and recommendation, a district court "still must satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Parikh*, 708 F. Supp. 3d at 1352 (internal quotation marks and citation omitted).

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" his complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

2

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Pro se complaints are to be construed liberally, but "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.    LAW AND ANALYSIS

Magistrate Judge Vascura recommended dismissal of Plaintiff's complaint on two grounds that Plaintiff rejects.  First, Plaintiff challenges Judge Vascura's finding that "Defendants Cottrill and Zanghi—a judge and a prosecuting attorney, respectively—are entitled to absolute immunity from civil liability." (ECF No. 3 at 6).  Second, Plaintiff disputes Judge Vascura's conclusion that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine because "Plaintiff's alleged injury—the release of $7,700 in seized funds to the Zanesville Police Department and the Muskingum County Sheriff, instead of to Plaintiff—arises directly out of the state court's orders to that effect." (*Id*. at 6–7).

#### A.  Absolute Immunity

Plaintiff's first objection to the R&R argues that "immunity is a defense to liability, not an element of the plaintiff's prima facie case, so plaintiff need not overcome the defense in the complaint." (ECF No. 5 at 1). Generally, a plaintiff is not required to plead a defendant's lack of immunity in order to state a viable claim under section 1983. *See Gomez v. Toledo*, 446 U.S. 635 637 (1980). But "if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity," the Sixth Circuit has held that "a court may *sua sponte* dismiss a prisoner's claim on qualified immunity grounds." *Small v. Bock*, 963 F. 3d. 539, 543 (6th Cir. 2020) (cleaned up) (citing *Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016)); *see also Hughes v. Duncan*, 93 F.4th 374, 377 (6th Cir.

2024) (affirming district court's dismissal "on the ground that defendants were absolutely immune from suit for their acts"); *Redmond v. Fulwood*, 859 F.3d 11, 13 (D.C. Cir. 2017) ("[A] prisoner's civil complaint is properly dismissed *sua sponte* if the person the prisoner seeks to sue is protected by either qualified or absolute immunity.").

Because Plaintiff's allegations affirmatively establish that Defendants Cottrill and Zanghi are judicial and prosecutorial officers, and the Complaint seeks "to predicate their liabilities on the performance of their functions in said positions," Plaintiff has "by allegation made it clear that the defense of absolute immunity is available to [] defendant[s]." *See Morrow v. Bassman*, 515 F. Supp. 587, 594 (S.D. Ohio 1981) (concluding that "plaintiff has, in a sense, 'pleaded too much' and his complaint is thereby subject to dismissal"), *aff'd*, 785 F.2d 309 (6th Cir. 1986). The R&R also correctly concluded that the Complaint contains "no plausible allegations on which this Court could rely to conclude that the exceptions to judicial and prosecutorial immunity apply to exempt the state-court judge and prosecutors he names." (ECF No. 3). Accordingly, the claims against Defendants Cottrill and Zanghi are subject to *sua sponte* dismissal, and Defendant's first objection is therefore **OVERRULED**.

### B. Rooker-Feldman Doctrine

Plaintiff also objects to Magistrate Judge Vascura's conclusion that this Court lacks jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine. This doctrine, named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars federal review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Specifically, federal district courts do not have the

"authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with the state court decision that the district court is in essence being called upon to review the state-court decision." *Id*. at 483.

Plaintiff argues that the Rooker-Feldman doctrine is inapplicable here because "while the claimed injuries are caused by the state-court judgment, [he is] not seeking review and rejection of the judgment." (ECF No. 5 at 2). Rather, he contends that this federal action challenges "the current effect and force of the judgment." (*Id.*). Although Plaintiff fails to explain the significance of this distinction, a court determining whether the Rooker-Feldman doctrine applies need only ask if "the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." See *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also McCormic v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("The inquiry [] is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker–Feldman doctrine would prevent the district court from asserting jurisdiction."). In *McCormick,* the Sixth Circuit emphasized that cases in which "a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law" are "exemplified by *Rooker* and *Feldman* themselves," because "[i]n such a situation, the plaintiff seeks appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action." *McCormick,* 451 F.3d at 395 (citing *Exxon*, 544 U.S. 280).

Plaintiff's § 1983 action is precisely the kind of case contemplated by the Supreme Court and Sixth Circuit as barred by the Rooker-Feldman doctrine. Plaintiff's complaint alleges a "violation of federal law" that occurred "when Defendant Cottrill granted Defendants' Zanghi and Zanesville Police Dept. abandonment motion, even though such effectively called into question a

final verdict and excessive fine." (*See* ECF No. 2 at 6). And Plaintiff's objections concede that "the claimed injuries are caused by the state-court judgment." (ECF No. 5 at 2). Because the lawsuit "complain[s] of injuries caused by state-court judgments," and "invit[es] district court review and rejection of those judgments," *Exxon Mobil Corp.*, 544 U.S. at 284, Plaintiff cannot evade the Rooker-Feldman doctrine by simply recasting his claims as attacking the "current effect and force" of the state court judgment as opposed to its "validity." (ECF No. 5 at 2). Indeed, "[a]ny review of [Plaintiff's] constitutional claims would require review of the state court proceedings, thereby violating the Rooker-Feldman doctrine." *Patmon v. Michigan Supreme Ct.*, 224 F.3d 504, 510 (6th Cir. 2000).

This Court therefore lacks jurisdiction over his claims. *See Robbennolt v. Washington*, 626 F. App'x 155, 157 (6th Cir. 2015) ("So long as the plaintiff's injury arises from the state court's judgment, the [Rooker-Feldman] doctrine applies." (citing *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007)); *Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 372 (6th Cir.2008) ("[W]hat the Rooker-Feldman doctrine primarily bars are claims that seek relief from injury caused by the state court judgment." (internal quotation marks and citation omitted)).

To the extent Plaintiff suggests that his case presents an exception to the Rooker-Feldman bar because "the state appellate court ruled that [he] didn't have standing to challenge [the state court judgment]" and "no provisional remedy exists for judgment," (ECF No. 5 at 3),[1] the Sixth Circuit has addressed and squarely rejected that argument in *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007). There, plaintiffs posited that "even if a federal-court plaintiff seeks relief from injuries caused by a state-court judgment, the Rooker–Feldman doctrine does not apply if the party did not have a reasonable opportunity to raise his or her claims in state court." 474 F.3d at 329.

---

[1] *See also* ECF No. 2 at 6–7 ("No remedial mechanism lies for this infirm, because the court of appeals dismissed my direct appeal of proceedings as me lacking standing to challenge judgment . . . .").

6

Rejecting "plaintiffs' asserted 'reasonable opportunity' exception to the *Rooker–Feldman* doctrine," the Sixth Circuit explained that "in the limited circumstances in which a plaintiff complains of an injury directly caused by a state-court judgment, if the plaintiff believes that the trial court did not give him or her a reasonable opportunity to pursue a claim, the proper course of action is to appeal the judgment through the state-court system and then to seek review by writ of certiorari from the U.S. Supreme Court." *Id.* at 329–330.

Considering the scope of cases within the reach of the Rooker–Feldman doctrine, and Plaintiff's identification of the state court judgment as the source of his injury, this Court concludes that Plaintiff is barred from asserting his claims here. Plaintiff's second objection is therefore **OVERRULED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 5), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3), and **DISMISSES** this action for failure to assert a claim over which this Court has subject matter jurisdiction. The Clerk of the Court is **DIRECTED** to terminate this case.

**IT IS SO ORDERED.**

                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: May 5, 2025**